IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY JOHNSON, | ) |
| Petitioner, | ) |
| vs. | ) Case Number: 2:16-cv-00783-RDP-JHE |
| WALTER MYERS and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On April 5, 2016, Petitioner Larry Johnson, a person in custody under a judgment of a court of Alabama, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1-1). Construing that petition as made under 28 U.S.C. § 2254, the district court for the Middle District of Alabama transferred Johnson's petition to this Court. (*See* Doc. # 1-3 at 3; Doc. # 1-4). Upon consideration, the court finds the petition is due to be dismissed as successive.

**I.     Procedural History**

On February 5, 1986, Johnson was convicted by a jury of one count of manslaughter in the Circuit Court of Jefferson County, Alabama. *See Johnson v. Jones*, Case No. 2:14-cv-02190-KOB-JHE (N.D. Ala.) at Doc. # 1. He received a life sentence. *Id*. Johnson appealed his conviction to the Alabama Court of Criminal Appeals, which affirmed his conviction and sentence. *Id*. Johnson did not file a petition for a writ of certiorari in the Alabama Supreme Court. *Id*.

### A. Prior § 2254 Action

Johnson filed a petition for writ of habeas corpus in this court on November 12, 2014, challenging the February 14, 2014 denial of his motion for reconsideration of his sentence under Ala. Code § 13A-5-9.1. *Johnson v. Jones, et al.*, 2:14-cv-02190-KOB-JHE (N.D. Ala.). The court denied the petition on the merits on June 25, 2015. *Id.* at Docs. # 7, 9, & 10. On January 7, 2016, the Eleventh Circuit Court of Appeals denied Johnson's motion for a certificate of appealability, finding Johnson had failed to make the requisite showing under 28 U.S.C. § 2253(c)(2). *See id.* at Doc. # 21. The Eleventh Circuit denied Johnson's motion for reconsideration on March 2, 2016. *See id.* at Doc. # 22.

### B. Current Petition

Johnson filed the instant petition, styled as a habeas petition under 28 U.S.C. § 2241, in the Middle District of Alabama on April 5, 2016. (Doc. # 1-1). In the petition, Johnson challenges the denial of the same motion for reconsideration challenged in his prior § 2254 action. (*See id.* at 2). The magistrate judge assigned to the case construed Johnson's petition as one made under § 2254: "Because a state prisoner seeking to challenge the validity and execution of his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254, *see, e.g., Cook v. Baker*, 139 F.App'x 167, 168 (11th Cir. 2005), Johnson's instant petition should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254." (Doc. # 1-1 at 3). On May 13, 2016, the district judge adopted the magistrate judge's report and recommendation and, per that R&R, transferred the case to the Northern District of Alabama. (Doc. # 1-4).

On July 18, 2016, the magistrate judge assigned to the case in the Northern District of Alabama ordered Johnson to show cause why his petition should not be dismissed as successive under 28 U.S.C. § 2244. (Doc. 3). Johnson did not respond.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision establishes a statutory pre-condition to filing a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the Eleventh Circuit before it is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider a successive petition unless it has been authorized by the appropriate court of appeals.

Johnson has not obtained authorization from the Eleventh Circuit to bring a successive petition in this court. Thus, this court lacks jurisdiction to consider Johnson's petition, and it is due to be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 2244(b)(3)(A). A separate Order will be entered to that effect. If Johnson obtains the required order from the Eleventh Circuit allowing him to file a successive petition, he may re-file his petition in this court.[1]

---

[1] Petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition may be barred by the one-year statute of limitations created by the AEDPA.

**DONE** and **ORDERED** this May 2, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE